IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03656-RM-NRN

SHANITA TAYLOR,
And those similarly situated;

    Plaintiffs,

v.

REGIONAL TRANSPORTATION DISTRICT, and
FIRST TRANSIT, INC.,

    Defendants.

### DEFENDANT REGIONAL TRANSPORTATION DISTRICT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

Defendant Regional Transportation District ("RTD") hereby moves to dismiss Plaintiff Shanita Taylor's Class Action Complaint and Jury Demand ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Ms. Taylor has alleged that she was disqualified by RTD as a job applicant more than 300 days prior to the date she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Accordingly, her claims against RTD are time-barred, and the Complained should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

### CONFERRAL CERTIFICATION

The undersigned counsel certifies pursuant to Civ. Practice Standard IV.N.2.a that he conferred by telephone with counsel for Plaintiff on April 14, 2020 in a good faith effort to resolve the issues raised in this motion. Specifically, the undersigned counsel indicated that the basis for RTD's position is that Plaintiff's claims are time-barred against RTD, which is apparent

from the face of the Complaint. Plaintiff's counsel relies on a theory of joint employment between RTD and First Transit, which he raised during the April 6 Scheduling Conference, and which counsel for the parties have discussed. Counsel for the parties disagree that RTD and First Transit are joint employers, resulting in the filing of this motion, which Plaintiff opposes.

## I. INTRODUCTION

In her Complaint, Plaintiff asserts a disparate impact discrimination claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000 *et seq.* ("Title VII"). Ms. Taylor alleges that she is an African American woman, and was disparately impacted by an RTD hiring policy that requires applicants to have ten or fewer "points,"[1] on their motor vehicle record. (ECF No. 1, ¶¶ 1-8).[2]

Ms. Taylor's Complaint, on its face, demonstrates that her claim against RTD is time-barred. In order for a claim to be actionable under Title VII, an individual must file a Charge of Discrimination with the EEOC within 300 days of the act giving rise to the claim. 42 U.S.C. § 2000e–5(e)(1). Ms. Taylor alleges that she last applied to work as a bus driver with RTD in 2017, but was denied employment at that time because she had more than ten points assessed against her driving record. (ECF No. 1, ¶¶ 34-35). Ms. Taylor then alleges that she filed Charges of Discrimination against the Defendants, including RTD, in 2019, and received Notices of Right to Sue on September 25, 2019. (ECF No. 1, ¶¶ 13-14). Accordingly, Ms. Taylor filed her Charge more than 300 days after the employment practice at issue, and her claim against RTD is barred.

---

[1] As alleged in the Complaint, under Colorado law, individuals with Colorado drivers' licenses can be assessed "points" against their license as a penalty for traffic-related violations. (ECF No. 1, ¶¶ 27-28).
[2] RTD accepts the facts alleged in the Complaint for the purposes of the instant Motion only, as is required under F.R.C.P. 12(b)(6). *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009).

Ms. Taylor's argument that RTD and First Transit are joint employers, which counsel asserted at the April 6, 2020 Scheduling Conference, does not save her claims. Ms. Taylor has not set forth any allegations in her Complaint establishing how or why the Defendants are joint employers. Absent these allegations, the Complaint does not plausibly support a joint employer theory, and must be dismissed. Importantly, even if the Complaint could be amended to sufficiently allege that RTD and First Transit are joint employers, it would only potentially revive a theory of liability that RTD is allegedly liable for the employment actions taken by First Transit. Regardless of the joint employer theory, Ms. Taylor's direct claims against RTD are still time-barred, and must be dismissed, which includes dismissing all related class allegations and the inclusion of RTD applicants in the putative class definitions.

## II.   STATEMENT OF FACTS AS ALLEGED

Below are the relevant allegations contained in Ms. Taylor's Complaint for purposes of this Motion.

1. Ms. Taylor is an adult African American woman. (ECF No. 1, ¶ 18).

2. RTD is the regional agency responsible for providing public transportation to the Denver metropolitan area. (*Id.*, ¶ 22).

3. First Transit is an Ohio corporation with its principal place of business in Ohio. (*Id.*, ¶ 25).

4. First Transit has a contract with RTD to operate more than 100 of RTD's buses. (*Id.*, ¶ 26).

5. In Colorado, drivers may be assigned a certain number of "points" against their driver's license as a penalty for traffic violations such as speeding, driving without proof of insurance, or driving with a defective headlamp. (*Id.*, ¶¶ 27-28).

6. In postings advertising bus driver positions, RTD has announced that it will not accept job applicants who have "more than five points assessed against [their] motor vehicle record in the past two years" and "not more than ten points on the seven year record." (*Id.*, ¶ 30).

7. First Transit's contract with RTD specifies that First Transit may not hire bus drivers to drive for RTD and First Transit unless those drivers meet certain criteria including that they may not have more than ten points on their license in the preceding seven years. (*Id.*, ¶ 31).

8. Under the contract with RTD, First Transit applies the automatic denial policy when it jointly hires and employs RTD drivers. (*Id.*, ¶ 32).

9. In 2017, Ms. Taylor applied to work as a bus driver with RTD. (*Id.*, ¶¶ 34, 45).

10. RTD informed Ms. Taylor that she could not obtain employment as a bus driver because she had more than ten points assessed against her driving record in the preceding seven-year period. (*Id.*, ¶ 35).

11. In 2018, Ms. Taylor "submitted her application to First Transit to apply as a bus driver for RTD and First Transit." (*Id.*, ¶ 40).

12. Ms. Taylor was not accepted for employment in 2018. (*Id.*, ¶ 44).

13. Ms. Taylor later filed Charges of Discrimination with the EEOC against both First Transit and RTD, Charge Numbers 541-2019-00686 and 541-2019-00603. (*Id.*, ¶ 13).

14. Ms. Taylor received Notices of Right to Sue from the EEOC on September 25, 2019, on each of her Charges of Discrimination. (*Id.*, ¶ 14).

4

15. In this lawsuit, Ms. Taylor has asserted claims on behalf of herself and a putative class of persons against RTD and First Transit. (*Id*., ¶ 52).

16. Specifically, Ms. Taylor seeks to represent the following putative classes:

> (1) "All people who identify as Black or Latino and who have applied to *RTD or First Transit* as a bus driver but whose applications were rejected because they had more than ten points on their driver's license in the seven years preceding their application;" and
>
> (2) "All people who identify as Black or Latino who have more than ten points on their driver's license in the prior ten years and who would apply for employment as a bus driver with *RTD or First Transit* were it not for Defendants' automatic denial policy."

(*Id*., ¶ 53) (emphasis added).

### III.   LEGAL STANDARD

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

> In reviewing a motion to dismiss, this court must look for plausibility in the complaint. Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotation marks and citations omitted).

In evaluating a motion to dismiss, the Court must accept as true the well-pleaded allegations of the Complaint. *See e.g., McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). However, this rule does not apply to legal conclusions and conclusory allegations, which the Court need not accept as true. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). The burden is on the plaintiff to frame "a complaint with enough factual

5

matter (taken as true) to suggest" that she is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## IV.    ARGUMENT

Ms. Taylor's claims against RTD are deficient on the face of the Complaint for two reasons. First, the Complaint shows that Ms. Taylor did not file her Charge of Discrimination ("Charge") within 300 days after she was rejected for employment by RTD, as required by the statute, and thus all direct claims against RTD are time-barred. Next, to the extent Ms. Taylor brings claims against RTD arising out of her application for employment with First Transit, the Complaint does not plead facts to plausibly allege joint liability with First Transit. Accordingly, the Complaint should be dismissed against RTD in its entirety.

**A. The Allegations in the Complaint show that Ms. Taylor's Application for Employment was Rejected by RTD more than 300 Days Before her Charge of Discrimination was Filed with the EEOC.**

*1. Title VII's Statute of Limitations*

42 U.S.C. Section 2000e–5(e)(1) is a charge-filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Under the statute, an individual must file a "charge" with the EEOC within the statutory time period and serve notice upon the person against whom the charge is made. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). In most instances, the charge must be filed within 180 days of the allegedly adverse employment action to preserve the claim. In states with agencies that enforce coextensive state or local anti-discrimination laws, like Colorado, an employee who initially files a grievance with that agency must file a charge with the EEOC within 300 days of the employment practice. *Id.* A claim is

time-barred if it is not filed within these time limits. *Id.*

        *2. Plaintiff's Claim Against RTD is Time-Barred on the Face of the Complaint.*

At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 412 (10th Cir. 2013) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980)); *Bullington v. United Air Lines Inc.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999).

Here, Ms. Taylor alleges in her Complaint that she filed a Charge of Discrimination with the EEOC, but she does not allege that that the charge was filed within the statutory time period. Nor does Ms. Taylor allege that she initially filed a complaint with the Colorado Civil Rights Division. Instead, she alleges that she applied to RTD in 2017, and that RTD rejected her application for employment in 2017. Ms. Taylor admits that she did not file her Charge of Discrimination against RTD until 2019. (ECF No. 1, ¶¶ 13, 34-35). Considering there are 365 calendar days in 2018 alone, it would not have been possible for Ms. Taylor to have filed her Charge within 300 days of the allegedly adverse employment practice at issue.

Ms. Taylor's allegations against First Transit do not effect this analysis. According to the Complaint, in 2018, Ms. Taylor applied to First Transit for employment as a bus driver "for RTD and First Transit." (*Id*. at ¶ 40). Ms. Taylor's application to First Transit was rejected in April 2018, within 300 days of the date her Charge was filed. (*Id*. at ¶ 44). Ms. Taylor has indicated that she intends to argue that RTD and First Transit are "joint employers," and that RTD is liable for First Transit's employment decision. Even if true, Ms. Taylor's timely-filed charge arising

out of her application to *First Transit* do not revive her expired, direct claims against *RTD*.

Ms. Taylor has asserted a direct claim against RTD, and seeks to represent a class[3] of persons including individuals who applied (or who would apply) for employment "to RTD *or* First Transit." (*Id.* at ¶ 53). These claims against RTD are distinct from Plaintiff's claims against First Transit, are time-barred on the face of the Complaint, and should be dismissed.

### B. Ms. Taylor has not Sufficiently Alleged in Her Complaint that RTD and First Transit are Jointly liable for the Claims Against First Transit.

Ms. Taylor and her counsel have indicated that they intend to argue that RTD and First Transit were "joint employers," and are thus jointly liable for First Transit's refusal to hire Ms. Taylor. Plaintiff has not pled facts supporting her joint employer theory.

To make out a prima facie case under Title VII, a plaintiff must first prove the defendant was her employer. *Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1225-26 (10th Cir. 2014). "Depending on the situation, this circuit chooses among three different tests to determine whether a defendant is an employer . . . : (i) the hybrid test; (ii) the joint employer test; and (iii) the single employer test." *Id*. The "joint employer test is the appropriate test to use when an employee of one entity seeks to hold another entity liable as an employer."[4] *Knitter*, 758 F.3d at 1226 (citing *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (en banc)); *see also Banks v. St. Francis Health Ctr., Inc.*, No. 15-CV-2602-JAR, 2016 WL 6905581, at *12 (D. Kan. Nov. 21, 2016) (a plaintiff who is the employee of one entity may seek to hold another

---

[3] Ms. Taylor cannot assert time-barred claims on behalf of the putative class. *Ramos v. Banner Health*, 325 F.R.D. 382, 390 (D. Colo. 2018) quoting *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) (a class representative whose claim is time-barred cannot assert the claim on behalf of the class); *see also Vinson v. Seven Seventeen HB Philadelphia Corp.*, No. CIV.A 00-6334, 2001 WL 1774073, at *10 (E.D. Pa. Oct. 31, 2001).

[4] Plaintiff has not pled any facts that would support, or otherwise suggested, that she intends to support her claims against RTD based upon either the "hybrid test" (used for potential independent contractors) or the "single employer" test (used where the plaintiff alleges that the two employers are in fact one interrelated entity).

entity liable by claiming that the two entities are joint employers). Accordingly, the joint employer test applies here, because Ms. Taylor seeks to apply her timely claim against First Transit to RTD.

Under the joint employer test, two entities are considered joint employers if they "share or co-determine those matters governing the essential terms and conditions of employment." *Knitter*, 758 F.3d at 1226 (quoting *Bristol*, 312 F.3d at 1218). When assessing whether two entities are joint employers, courts weigh several factors to determine whether a company controls the terms and conditions of an employment relationship. *Banks,* 2016 WL 6905581, at *12 (citing *Knitter*, 758 F.3d at 1226; *Bristol*, 312 F.3d at 1218). These factors include whether the company has the ability to: (1) terminate the employee; (2) promulgate work rules and issue assignments; (3) set conditions of employment, including compensation, benefits, and hours; (4) supervise and discipline the employee; and (5) control the employee's records, including payroll, insurance, taxes and other records. *Id*. "Most important to control over the terms and conditions of an employment relationship is the right to terminate it under certain circumstances . . . ." *Bristol*, 312 F.3d at 1219.

Ms. Taylor has not pled *any* facts that, if true, would support the Court finding that RTD and First Transit are joint employers. For example, Ms. Taylor has not asserted that RTD has any authority over the terms and conditions of First Transit employees' employment, including the authority to terminate First Transit employees. Ms. Taylor's conclusory allegations that Plaintiff applied to work for "RTD and First Transit[5]," (ECF No. 1, ¶ 40) and that she "applied to work

---

[5] Plaintiff unsuccessfully attempts to plead her joint employer theory by claiming that her application was to work for "RTD and First Transit." But, Plaintiff clearly alleges that she applied through First Transit. (ECF No. 1, ¶¶ 40-41). Plaintiff's legal conclusion that the two were joint employers are insufficient to allege this claim.

for Defendant First Transit to be jointly employed by RTD and First Transit," (*Id*. at ¶ 69), cannot sustain a joint employer theory of liability. *Cerenac,* 2008 WL 920300 at *1.

Accordingly, Ms. Taylor's Complaint does not support a finding that RTD and First Transit are joint employers, and Ms. Taylor has failed to state cognizable claims against RTD for First Transit's employment actions.

## V.   CONCLUSION

Ms. Taylor's Complaint alleges wrongful employment actions by RTD and First Transit, but she has failed to state claims against RTD upon which relief can be granted. Ms. Taylor's direct claims against RTD are time-barred, and must be dismissed. Accordingly, any putative class claims Ms. Taylor asserts against RTD, including the putative classes of RTD applicants, must also be dismissed. Likewise, Ms. Taylor has failed to set forth any allegations in her Complaint establishing how or why RTD and First Transit are joint employers, and, therefore, there is no basis to hold RTD liable for the actions of First Transit. Accordingly, the Complaint has failed to state a claim on its face against RTD, and should be dismissed.

**Dated**:  April 20, 2020.

                Respectfully submitted,

                *s/ Jonathan Saadeh*
                Jonathan Saadeh
                Associate General Counsel
                Jenifer M. Ross-Amato
                Acting General Counsel
                Regional Transportation District
                1660 Blake Street
                Denver, CO  80202
                Tel: (303) 299-2275
                Fax: (303) 299-2217
                E-mail: jonathan.saadeh@rtd-denver.com
                          jenifer.ross-amato@rtd-denver.com

>
> Jessica L. Fuller
> Abby Harder
> Lewis Roca Rothgerber Christie LLP
> 1200 17th Street, Suite 3000
> Denver, CO 80202
> Telephone: (303) 623 9000
> Fax: (303) 623-9222
> E-mail: jfuller@lrrc.com
>        aharder@lrcc.com
>
> *Attorneys for Defendant Regional Transportation District*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **DEFENDANT REGIONAL TRANSPORTATION DISTRICT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)** was filed with the CM/ECF system, which sent a notification by **e-mail** this 20th day of April, 2020, addressed to:

David H. Seligman
Juno Turner
Brianne Power
Towards Justice
1410 High St., Suite 300
Denver, CO 80218
david@towardsjustice.org
juno@towardsjustice.org
brianne@towardsjustice.org
*Attorneys for Plaintiffs*

Danielle Kitson
Littler Mendelson, P.C.
1900 16th St.
Denver, CO 80202
DKitson@Littler.com
*Attorney for First Transit, Inc.*

                                             *s/ Jonathan Saadeh*
                                             Jonathan Saadeh